Battle, J.
 

 The bill is filed by the plaintiff, as the administrator with the will annexed of Dr. Alexander H. Taylor, for the purpose of getting the advice and direction of the Court as to the proper construction of certain clauses in the will of the testator.
 

 1. The difficulty is presented in the clause, which gives the
 
 *220
 
 share of his estate, to which the testator’s oldest daughter, Mrs. Spivey, may be entitled, to certain trustees, in trust “for ¡the benefit of her and her children, free and exclusive from ;any control of her present, or any other husband, she may have.” At the time of the testator’s death Mrs. Spivey had three children, and the question is, whether she takes an absolute estate, as tenant in common with those children, or an estate for life only with the remainder to the childreu, which she now Inis, or may hereafter have. The construction, which would give the property to her and her present children only, as tenants in common of the absolute interest in it, is inadmis-ftaissible, both because it might, by diminishing the present and immediate interest in the wife, be an inadequate support for Imer -during her life, and, because it would exclude from the benefit of the fund, any children she may hereafter have. The manifest intent of the testator will be much more effectually carried out by giving to the wife a life-estate, with a remainder to all the children which she now has, or may hereafter have; and as the property is beqeathed to trustees, in trust, for the benefit of her and her children, this construction is fully supported by the recent cases of
 
 Bridgers
 
 v.
 
 Wilkins,
 
 3 Jones’ Eq. Rep. 342,
 
 Chesnut
 
 v.
 
 Mears,
 
 Ibid. 416,
 
 Coakley
 
 v. Daniel, 4 Jones’ Eq. Rep. 89. Had the bequest been a direct one to Mrs. Spivey and her children, then, under the authority of
 
 Moore
 
 v. Leach, 3 Jones’ Rep. 88, we should have -been constrained to hold that the wife and children living at the death of the testator, took an absolute interest in the fund as tenants in common. The principle upon which the distinction is founded, is stated and explained in the cases referred to, and need not be repeated. The share of the testator’s property, given to Mrs. Spivey, is for her sole and separate use, and the trustees may permit her to have the possession of it, provided the profits of it can be thereby secured to her.
 

 2. The second difficulty, suggested in the bill, arises from the following sentence in the will: “ The negroes already received by Mr. Eeribault, I wish counted in according to value,
 
 *221
 
 so that all share and share alike, and the mode of division I leave to the parties concerned, desiring only that equality and justice may be their guide.” The testator had, in the first clause of his will, directed that his “ whole estate, personal and real,, should be divided after the manner of law and equity,” amongst the heirs of his body. He had', in his lifetime, given to Mr. Faribault, by parol, several slaves, among whom was a woman, who had two children after she was put in to-his possession, and the question is, whether the slaves, thus given, are to be valued as of the time of the gift, exclusive of the children born since, or are the whole of them, including these children, to be valued as of the time of the division. There is no doubt that the effect of the will, was to confirm the parol gifts and make them good
 
 db
 
 initio, so that the issue of the female slave, born afterwards, and before the death of the testator, belonged to the donee;
 
 Bullock
 
 v.
 
 Bul
 
 lock, 2 Dev. Eq. Rep. 314;
 
 Woods
 
 v.
 
 Woods,
 
 2 Jones Eq. Rep. 420. Such being the case and the will containing a direction that the division between the children shall be “ after the manner of law and equity,” we think the valuation of the slaves given to Mr. Feribault should be of the time of the gift, and thus exclude from it the children born afterwards. The case of
 
 Ward
 
 v. Riddick, 4 Jones Eq. Rep. 22, is'an authority for this construction, and explains the reason upon which it is founded.
 

 The last question upon which the administrator
 
 cum testa-mento annexo,
 
 seeks the advice of the court, arises from the following clause of the will: “ Upon consultation, if Georgi-anna wishes to remain with her mother, provided it be possible, this house ought to be enlarged for her comfort, which I recommend so as to make room for boarders also.” Georgi-anna is one of the daughters of the testator, and the administrator wishes to know what is his duty in relation to the enlargement of the house ; and, if it is to be enlarged, at whose expense? The first remark which the clause suggests, is that it seems to be more a recommendation than an imperative direction. If, however, it be taken to be the latter, we feel our
 
 *222
 
 selves bound to hold it to be void for uncertaintjn When is 'Georgianna to decide whether she wishes to remain \Vith her mother? Iiow long is she to remain with her? How much larger is the house to be made for her comfort? How manjr boarders are to be pro vided for ? What is to be the cost of the improvements, and who is to decide these questions 1 All these are matters of so much uncertainty that, we do not feel ourselves able to give them a practical effect. The doctrine of endeavoring to effectuate the intention of a testator
 
 cy
 
 pres, has been long since exploded in this State. That doctrine applies to a case, where, from some cause or other, the intention of a testator', though expressed in terms sufficiently explicit, cannot be carried out in accordance with his wishes. If then the court will not attempt to direct the accomplishment of something approximating his declared wish,
 
 a
 
 fortiori, it ought not to attempt to accomplish a purpose expressed in such vague and uncertain terms that no person can hazard more than a mere conjecture as to what it is; see
 
 White
 
 v. University, 4 Ired. Eq. Rep. 19;
 
 Bridgers
 
 v.
 
 Pleasants, Ibid
 
 26; McAu
 
 lay
 
 v.
 
 Wilson,
 
 1 Dev. Eq. Rep. 270;
 
 Holland
 
 v.
 
 Peck, 2
 
 Ired. Eq. Rep. 255;
 
 Hester
 
 v.
 
 Hester, Ibid
 
 330.
 

 PeR Cukiam, Decree accordingly.