The bill is filed by the plaintiff as executor of Augustine Turner, deceased, for the purpose of obtaining the advice and direction of the Court as to the proper construction of his testator's will and the management of his estate. To such of the enquiries as (227) *Page 180 
it is necessary for us to respond at the present time we will give answers in the order in which the questions are put:
1. We find nothing in the will which requires the executor to interfere with the widow in the investment and management of the balance of the money mentioned in the seventh clause. The testator having entrusted her with that business she must be the exclusive judge of the sufficiency of the security upon which the loans are to be made.
2 and 3. We cannot discover any interest which the executor has in knowing what estate the respective husbands of Winifred Avery and Martha Spence take in the slaves given to their wives. He is not constituted by the will a trustee for the femes covert, nor are the slaves given for their separate use.
4. The legacy of $1,000 to the testator's grandson, Augustine Perry, is, upon a proper construction of the different clauses of the will relating to it, made payable to him either upon his coming of full age or at the death of his grandmother, should she die before he arrives at that age. The testator first directs his executor to pay it to him "when he becomes of age," but he immediately adds, "or put in a guardian's hands for his benefit," which seems to be inconsistent with the first direction; this, however, is explained by the clause which, after ordering a sale at the widow's death of the property given her for life, directs the proceeds to be equally divided between the testator's three daughters, Mary Turner, Cynthia Perry, and Nancy Turner, with the exception that Cynthia is to have $1,000 less than the other two, on account of that sum being given to her son, Augustine. This is a clear indication that the latter is to have his legacy before he comes of age, provided his grandmother dies before that time, and, in that event, the money must be paid to his guardian, as directed by the will. As it does not appear from the will that the testator was standing in loco parentis to his grandson, (228) and as it does appear from the bill that the grandson had always lived with and been supported by his own father, the legacy will, according to the general rule, bear interest only from the time when it becomes payable. Harrell v. Davenport, 58 N.C. 4. The legatee is stated to be only eight years of age, and as the interest on his legacy can not commence before his arrival at full age, or the death of his grandmother, we are not informed that it can interfere with the annuity of $400 given to her, and it is, therefore, unnecessary for us to speculate upon the effect which might have resulted from a collision between that annuity and the immediate payment of the legacy, or of interest upon it.
5. The proceeds of the sale of the property given to the widow for life are, at her death, to be equally divided "between Mary Turner, Cynthia Perry, and Nancy Turner," and the testator has mentioned in his will two persons of the name of Nancy Turner, one of whom is his *Page 181 
daughter and the other in his granddaughter, and the question is, whether the legacy is void because of a patent ambiguity. The answer is that if there were a patent ambiguity the legacy would be void, but the apparent difficulty is removed by the fact that, in the bequest under consideration, Nancy Turner is named in connection with the testator's daughters, Mary Turner and Cynthia Perry, which makes it manifest that the legatee spoken of is the daughter and not the granddaughter of the testator, and the mixim, noscitur a sociis, gives the legacy to her.
6. It is very doubtful whether the female slave lent to the testator's daughter, Winifred Avery, will, under the limitation contained in the will, ever return to and become again a part of his estate; but if she should, it will then be the proper time to decide what will be done with her.
7. The widow, not having shown any dissatisfaction with the express provision made for her by her husband's will, by dissenting from it, can not claim any additional support under the general terms which he uses in the latter part of it. Such terms are too vague and indefinite to be carried into effect by a judicial sentence. See Faribault v. (229)Taylor, 58 N.C. 219.
A decree drawn in accordance with the principles announced in this opinion will probably enable the plaintiff to settle the estate of his testator without further difficulty. The costs will be paid out of the estate.
PER CURIAM. Decree accordingly.